## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT WITMAN,** | : | **Civ. No. 1:22-CV-1060** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **(Magistrate Judge Carlson)** |
| **v.** | : | |
| | : | |
| **JOHN CORRELL, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

### I.    Statement of Facts and of the Case

Before this Court is an action filed by the plaintiff, Robert Witman, arising out of events that took place while he was detained at Lebanon County Central Booking in May of 2022. Witman alleges that Lebanon County Probation and Parole Officers, John Correll and Emily Maenza, and three John Doe officers, collectively the ("Defendants"), violated his Fourth, Eighth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. (Doc. 1, at 4).

With respect to these claims, the complaint alleges that on May 15, 2022, Witman was detained and placed in handcuffs by Lebanon County Probation and Parole Officers prior to being transported to Lebanon County Central Booking. (Doc. 1, at 4). At Central Booking, Officer Correll and Officer Maenza attempted to

**1**

remove Witman's handcuffs, but they were unable to do so with the handcuff keys. (Id.) Witman then alleges that an unidentified John Doe officer at Central Booking attempted to use WD-40 to free Witman from the handcuffs, but that attempt was also unsuccessful. (Id.) Ultimately, Officers Correll and Maenza requested assistance from local police, who responded to Central Booking and used a pair of bolt cutters to successfully remove the handcuffs from Witman. (Id.) As a result of this de-handcuffing incident, Witman alleges that he now suffers anxiety issues, nightmares, and loss of sleep. (Id., at 5). Thus, the gravamen of Witman's complaint is the fairly novel proposition that police violated his rights by assiduously attempting to remove his wrist restraints.

Witman subsequently filed this action in the United States District Court for the Middle District of Pennsylvania on July 7, 2022. (Docs. 1, 1-1). In his Complaint, he alleges violations of his Fourth, Eighth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. (Doc. 1, at 5). Witman seeks compensatory damages for mental health injuries he alleges to have sustained since said incident. (Id.) Officers Correll and Maenza have now moved to dismiss this Complaint arguing that Witman's averments fail to state a claim upon which relief may be granted. (Doc. 18). This motion is fully briefed and is, therefore, ripe for resolution. (Docs. 18, 19, 20). For the reasons set forth below, the defendants' motion to dismiss will be granted but we will afford Witman leave to amend his complaint.

II.   **Discussion**

A. **Motion to Dismiss - Standard of Review**

A motion to dismiss tests the legal sufficiency of a complaint. It is proper for the court to dismiss a complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure only if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for the legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), continuing with our opinion in <u>Phillips [v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)], and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.---, 129 S. Ct. 1937 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. <u>Jordan v. Fox, Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's

bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983). As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), in order to state a valid cause of action, a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." (<u>Id.</u>, at 555.) "Factual allegations must be enough to raise a right to relief above the speculative level." (<u>Id.</u>)

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when dismissing a motion to dismiss. In <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." (<u>Id.</u>, at 679.) According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by the mere conclusory statements, do not suffice." (<u>Id.</u>, at 678.) Rather in conducting a view of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than
> conclusions are not entitled to the assumption of truth. While legal
> conclusions can provide the framework of a complaint, they must be
> supported by factual allegations. When there are well-pleaded factual
> allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement to relief.

(Id., at 679.)

Thus, following Twombly and Iqbal, a well-pleaded complaint must contain

more than mere legal labels and conclusions; it must recite factual allegations

sufficient to raise the plaintiff's claimed right to relief beyond the level of mere

speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to
> state a claim, district courts should conduct a two-part analysis. First,
> the factual and legal elements of a claim should be separated. The
> District Court must accept all of the complaint's well-pleaded facts as
> true, but may disregard any legal conclusions. Second, a District Court
> must then determine whether the facts alleged in the complaint are
> sufficient to show that the plaintiff has a "plausible claim for relief." In
> other words, a complaint must do more than allege the plaintiff's
> entitlement to relief. A complaint has to "show" such an entitlement
> with its facts.

Fowler, 578 F.3d at 210-11.

As the Court of Appeals has observed:

> The Supreme Court in Twombly set forth the "plausibility" standard for
> overcoming a motion to dismiss and refined this approach in Iqbal. The
> plausibility standard requires the complaint to allege "enough facts to
> state a claim to relief that is plausible on its face." Twombly, 550 U.S.
> at 570, 127 S. Ct. 1955. A complaint satisfies the plausibility standard
> when the factual pleadings "allow[ ] the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged." Iqbal,
> 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955).

> This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint which pleads facts "merely consistent with" a defendant's liability, [ ] "stops short of the line between possibility and plausibility of 'entitlement of relief.' "

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011), cert. denied, 132 S. Ct. 1861 (2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." (Id., at 1950.) Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1950).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be

considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir.

2002); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 382, 388 (3d Cir. 2002)

(holding that "[a]lthough a district court may not consider matters extraneous to the

pleadings, a document integral to or explicitly relied upon in the complaint may be

considered without converting the motion to dismiss in one for summary

judgment.") However, the court may not rely on other parts of the record in

determining a motion to dismiss, or when determining whether a proposed amended

complaint is futile because it fails to state a claim upon which relief may be granted.

Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

When presented with a *pro se* complaint, the court should construe the

complaint liberally and draw fair inferences from what is not alleged as well as from

what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir.2003); Youse v.

Carlucci, 867 F.Supp. 317, 318 (E.D.Pa.1994). Such a complaint "must be held to

less stringent standards than formal pleadings drafted by lawyers." Erickson v.

Pardus, 127 S.Ct. 2197, 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct.

285, 50 L.Ed.2d 251 (1976)).

Finally, in the Third Circuit, a court must grant leave to amend before

dismissing a civil rights complaint that is merely deficient. See, e.g., Fletcher–

Hardee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007);

Weston v. Pennsylvania, 251 F.3d 420, 428 (3d Cir. 2001); Shane v. Fauver, 213

F.3d 113, 116 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

**B. The Defendants' Motion to Dismiss will be Granted.**

As we have noted, Witman brings claims of excessive force, unreasonable seizure, and a violation of due process. (Doc. 1). However, after review of the complaint, we find that Witman has not sufficiently pleaded claims to relief that are plausible on their face against the defendants.

Witman brings federal civil rights claims against several governmental actors pursuant to 42 U.S.C. § 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Section 1983 offers private citizens a means to redress violations of federal law committed by state officials. (Id.) A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution

and laws of the United States. <u>West v. Atkins</u>, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

Here, it is undisputed that the defendants were acting under color of state law in their capacity as Probation and Parole officers, as well as the local John Doe officers. However, as we will discuss below, the plaintiff has not alleged facts sufficient to state a constitutional violation at this juncture.

First, to the extent that Witman alleges a claim under the Fourteenth Amendment, this claim is barred by the more-specific provision rule. "Under this rule, 'if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.'" <u>Betts v. New Castle Youth Dev. Ctr.</u>, 621 F.3d 249, 260 (3d Cir. 2010) (quoting <u>United States v. Lanier</u>, 520 U.S. 259, 272 n.7 (1997)). Because Witman's claims arise out of the same de-handcuffing incident for which he has brought claims under the Fourth and Eighth Amendments, we must analyze his claims under those more specific Amendments that appropriately redress those claims rather than the Fourteenth Amendment. Therefore, since Witman has alleged no facts that would implicate his due process protections, we must dismiss Witman's Fourteenth Amendment claims with prejudice.

To the extent Witman asserts that the de-handcuffing incident constituted excessive force and cruel and unusual punishment in violation of the Eighth Amendment, we find that this claim fails. The Eighth Amendment to the United States Constitution prohibits the infliction of "cruel and unusual punishment." U.S. Const. amend. VIII. In the prison context, the Supreme Court of the United States has stated that only "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment." Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (quoting Ingraham v. Wright, 430 U.S. 651, 670, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) (internal quotations omitted)). This Eighth Amendment prohibition extends to the use of excessive force by correctional officers upon prison inmates, Hudson v. McMillian, 503 U.S. 1, 6-7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), as well as a failure to protect inmates from the use of excessive force. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

However, not every incident in which a prison guard uses force will give rise to a claim under the Eighth Amendment. Hudson, 503 U.S. at 9, 112 S.Ct. 995. A plaintiff asserting a claim of excessive force against a correctional officer must show that the force was applied "'maliciously and sadistically for the very purpose of causing harm' instead of 'in a good faith effort to maintain or restore discipline.'" Robinson v. Danberg, 673 F. App'x 205, 211 (3d Cir. 2016) (quoting Hudson, 503

U.S. at 6, 112 S.Ct. 995). There are several factors that a court examines in determining whether a correctional officer has used excessive force in violation of the Eighth Amendment, including: "(1) 'the need for the application of force'; (2) 'the relationship between the need and the amount of force that was used'; (3) 'the extent of injury inflicted'; (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them'; and (5) 'any efforts made to temper the severity of a forceful response.' " Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) (quoting Whitley, 475 U.S. at 322).

On this score, courts have sustained an Eighth Amendment claim involving the removal of handcuffs where the prisoner alleged physical harm resulting from the unnecessary use of force to remove the handcuffs. See e.g., Robinson v. Danberg, 673 F. App'x 205, 209-10 (3d Cir. 2016) (reversing summary judgment on excessive force claim where officer uncuffed the plaintiff by "put[ting] his foot on the door and … yank[ing] the left cuff off"); Jordan v. Wetzel, 2019 WL 1382512, at *8 (W.D. Pa. Mar. 27, 2019) (denying a motion to dismiss an excessive force claim where officer continuously twisted and turned the inmate's hands to remove handcuffs even though the inmate was screaming in pain and asking the officer to stop); Gonzalez v. Martin, 2019 WL 858096, at *2 (W.D. Pa. Feb. 22, 2019) (finding allegations stated an Eighth Amendment claim where officers "twisted his wrist and

stepped on [the plaintiff's] hands while forcibly attempting to remove his handcuffs with bolt cutters").

In this instant case, however, even construing this pleading liberally, Witman does not sufficiently state facts supporting an Eighth Amendment excessive force claim against Defendants in their good faith attempts to free Witman from the apparently defective handcuffs. Indeed, unlike in the cases where an Eighth Amendment violation was adequately pleaded, Witman does not allege actions on the part of these officers that were done "maliciously and sadistically" in an attempt to cause harm to Witman. Witman does not allege that the officers stepped on his hands or attempted to yank the cuffs off; rather, he simply alleges that bolt cutters were used to remove the handcuffs, and that he suffered anxiety due to this method being used to remove his handcuffs. Nor does Witman allege any physical pain or injury as a result of this incident. Instead, his complaint simply seems to suggest that the delay in removing the handcuffs caused him some degree of emotional distress. Accordingly, we find that these allegations are insufficient to state a claim of excessive force in violation of the Eighth Amendment.[1]

---

[1] We also note as a legal matter that if Witman was a pretrial detainee, the Eighth Amendment—which extends too convicted prisoners—would not apply in this case. Rather,  Witman would have to allege a Fifth Amendment substantive due process claim as a pretrial detainee.

Finally, to the extent Witman brings his claim under the Fourth Amendment, this claim similarly fails. To state a § 1983 claim for excessive force in violation of the Fourth Amendment, "a plaintiff must show that a 'seizure' occurred and that it was unreasonable." Estate of Smith v. Marasco, 318 F.3d 497, 515 (3d Cir. 2003). The test of reasonableness under the Fourth Amendment is whether, under the totality of the circumstances, the officer's actions were "'objectively reasonable' in light of the facts and circumstances confronting [the officer], without regard to [his or her] underlying intent or motivations." Graham v. Connor, 490 U.S. 386, 397 (U.S. 1989).

In the context of handcuffing, "[e]xcessive force is not determined by injury alone. However, the unreasonableness of handcuffing requires some indication that it was done unnecessarily or excessively." Graham-Smith v. Wilkes-Barre Police Dep't, 739 Fed. App'x. 727, 732 (3d Cir. 2018). The Third Circuit has held that excessively tight handcuffs and a failure to respond in a timely fashion to the arrestee's pleas to loosen the handcuffs can constitute excessive force under certain circumstances. See Kopec v. Tate, 361 F.3d 772, 777 (3d Cir. 2004).

Here, even viewing the facts alleged in the light most favorable to Witman and considering the totality of the circumstances alleged, we are not persuaded that the facts alleged are insufficient to "plausibly give rise to an entitlement for relief." Ashcroft, 556 U.S. at 679. Notably, at the time of the alleged unreasonable use of

force by the defendants, Witman did not assert that the handcuffs were improperly applied or that they were too tight. Nor did he contend that he suffered physical injury as a result of the de-handcuffing incident. Instead, Witman simply claims he sustained emotional distress followed by occasional nightmares after the defendants used bolt cutters to free him from the defective handcuffs. (Doc. 1, at 6). None of the limited facts that Witman has alleged in his complaint demonstrate that the defendants' actions were objectively unreasonable. Rather, taking Witman's allegations as true, the defendants appear to have used reasonable and diligent efforts in removing Witman's handcuffs rather than efforts that were objectively unreasonable or excessive. Accordingly, Witman has failed to allege facts to support his Fourth Amendment claim.

However, while we are dismissing these federal claims in their current form, we believe Witman should be afforded a final opportunity to amend his complaint to address the pleading deficiencies we have identified. Indeed, in civil cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Accordingly, the defendants' motion will be granted, but the

plaintiff's claims will be dismissed without prejudice to Witman endeavoring to amend his complaint to address the deficiencies we have identified.

## III.   Conclusion

Accordingly, for the foregoing reasons, the defendants' motion to dismiss (Doc. 18) will be GRANTED and the complaint will be dismissed without prejudice to Witman endeavoring to amend his complaint to address the deficiencies we have identified.[2]

An appropriate order follows.

_s/ Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge

DATED: December 20, 2022

---

[2] We note that the plaintiff has also brought these claims against three John Doe defendants, one of which is alleged to have cut the handcuffs off of him. Given that we are allowing Witman an opportunity to amend his complaint, we further note that should Witman amend his complaint and such a claim survives, and Witman fails to identify these John Doe defendants, any claims against these defendants would be subject to dismissal at the close of discovery.

**15**